1

**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

2

3

4

Jennifer M. Dubay, SBN 013204
Attorneys for Defendant GMAC Mortgage, LLC,
formerly known as GMAC Mortgage, LLC

5

6

7               IN THE UNITED STATES DISTRICT COURT

8                 FOR THE DISTRICT OF ARIZONA

9    | SHAWN BURGUENO, an individual, | NO. CV08-1642-PHX-ROS |
     |---|---|

10

11                                    Plaintiff,        **DEFENDANTS'**
                                                        **MOTION TO DISMISS**

v.

12   GMAC BANK, a Pennsylvania                          **(Oral Argument Requested)**
     Corporation; GMAC MORTGAGE
13   CORPORATION, a Pennsylvania
     Corporation; MORTGAGE
14   ELECTRONIC REGISTRATION
     SYSTEMS, INC., a Delaware
15   Corporation; JOHN AND JANE
     DOES 1 THROUGH 10,
16

17                                    Defendants.

18

19         Defendants GMAC Bank, GMAC Mortgage, LLC f/k/a GMAC Mortgage Corp.,

20   and Mortgage Electronic Registration Systems move the Court for an Order, pursuant

21   to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint with

22   prejudice for failure to state a claim upon which relief may be granted against

23   Defendants.  Plaintiff filed his complaint too late, and therefore, his claims are time-

24   barred by applicable statutes of limitations.

25         Defendants support this Motion with the following Memorandum of Points and

26   Authorities and the Complaint (and exhibits referred to therein) filed in this matter.

*PHX 328,442,628v1*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION.

3    Plaintiff brings claims for rescission and damages under the Truth in Lending

4    Act, 15 U.S.C. § 1601 *et seq*. and for relief under the Arizona Consumer Fraud Act,

5    A.R.S. § 44-1521 *et seq*. arising out of the refinancing of an existing loan on his

6    residence more than three years ago on August 18, 2005.  Plaintiff's claims are time-

7    barred, and therefore, Plaintiff fails to state a claim upon which relief may be granted

8    against any of the Defendants.    Therefore, the Court should dismiss Plaintiff's

9    Complaint with prejudice.

10

### II.    STANDARDS FOR DISMISSAL PURSUANT TO RULE 12(B)(6).

11    A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

12    Procedure "based on the lack of a cognizable legal theory or the absence of sufficient

13    facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't.,* 901

14    F.2d 696, 699 (9th Cir. 1988).  When analyzing a complaint for failure to state a claim,

15    all allegations of material fact are taken as true and construed in the light most favorable

16    to the plaintiff.  *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  The court

17    may not assume that the plaintiff can prove facts different from those alleged in the

18    complaint.  *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407

19    F.3d 1027, 1035 (9th Cir. 2005).   Similarly, legal conclusions couched as factual

20    allegations are not given a presumption of truthfulness, and "conclusory allegations of

21    law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto*

22    *v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1988).

23

24

25

26

*PHX 328,442,628v1*

## III.   PLAINTIFF'S TRUTH IN LENDING ACT CLAIMS ARE TIME-BARRED.

### A.   Count One- Rescission.

Where a loan transaction constitutes a refinancing of the principal balance then due and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property, the borrower has three (3) business days from the date of the transaction to rescind the loan.  15 U.S.C. § 1635(a), (d).  Plaintiff alleges the subject loan transaction was a refinancing of an existing mortgage. (Complaint, ¶ 15.)  In fact, the HUD-1 Settlement Statement referenced by Plaintiff at Paragraph 17 of the Complaint confirms that the loan transaction was a refinancing of an existing loan secured by the identical residential property.  (*See* Exhibit A.)

Thus, Plaintiff had three (3) business days from the date of the closing of the loan to rescind the transaction.  The Notice of Right to Cancel, which Plaintiff admits he received, plainly advised Plaintiff of his right to rescind within this time period.  (*See* Exhibit B.)  Plaintiff's acknowledgement on the Notice of Right to cancel creates a presumption that he received two (2) copies of that notice and a Truth in Lending Disclosure Statement.  15 U.S.C. § 1635(e); *Chiles v. Ameriquest Mortgage Co.*, 551 F.Supp.2d 393, 396 (E.D. Pa. 2008).  Plaintiff did not timely exercise the three-day right to rescind, and therefore, his rescission claim is barred as a matter of law.

### B.   Count Two - Damages.

A civil claim for damages for failure to make initial disclosures required by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") must be brought within one (1) year after the cause of action accrues.  15 U.S.C. § 1640(e).  A damages claim under TILA accrues, for limitation purposes, at the latest at the time the loan documents were signed.  Id.; *Meyer v. Ameriquest Mortgage Company*, 342 F.3d 899, 902 (9th Cir. 2003); *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981).

- 3 -

*PHX 328,442,628v1*

Here, Plaintiff's TILA damages claim accrued on August 18, 2005, which was the day his loan closed ("the Closing"). (Complaint, ¶ 14.) Plaintiff alleges Defendants violated TILA by providing him only one (1) copy of a Notice of Right to Cancel instead of two copies. (Id., ¶ 25.) Plaintiff further alleges Defendants' disclosures materially "understated" the Finance Charges due from Plaintiff. (Id., ¶¶ 30-31.) These alleged disclosure failures have been known to Plaintiff since the Closing. Plaintiff admits this, alleging in the Complaint that at the Closing he received copies of the following items, which he refers to as the "Closing Documents": (a) Adjustable Rate Note, (b) Deed of Trust, (c) Truth in Lending Disclosure Statement, (d) HUD-1 settlement Statement, and (e) Notice of Right to Cancel. (Id., ¶ 17.)

Having received the Closing Documents on August 18, 2005, Plaintiff had all the information he needed to know regarding alleged disclosure failures by that date. *Katz*, 640 F.2d at 1025. Therefore, Plaintiff was required to file his TILA claim by August 17, 2006. 15 U.S.C. § 1640(e). Plaintiff filed his Complaint on September 5, 2008, more than two years too late. Accordingly, Plaintiff's TILA damages claim is time-barred and should be dismissed.

## IV.   PLAINTIFF'S ARIZONA CONSUMER FRAUD ACT CLAIM IS TIME-BARRED.

Any liability under Arizona's Consumer Fraud Act ("ACFA") is "a liability created by statute," and therefore, any claim brought under ACFA must be filed within **one** (1) year after the cause of action accrues. A.R.S. § 12-541(5); *Alaface v. National Inv. Co.*, 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (App. 1994). A cause of action under ACFA accrues when the Plaintiff discovers or with reasonable diligence could have discovered the alleged fraud. *Id.* Furthermore, the cause of action accrues when the plaintiff knows or should have known of both the what and who elements of causation. *Id.,* at 592, 892 P.2d at 1381.

*PHX 328,442,628v1*

1    Here, Plaintiff's cause of action under ACFA accrued no later than August 18,

2    2005.   Therefore, the time for Plaintiff to file an ACFA claim expired no later than

3    August 17, 2006.  Plaintiff overshot the limitations period applicable to ACFA claims

4    by more than two years when he filed his Complaint on September 5, 2008.  Because

5    Plaintiff's ACFA claim is time-barred, the Court should dismiss Count 3 of the

6    Complaint with prejudice.

7    **V.     CONCLUSION.**

8    For the foregoing reasons and each of them, the Court should dismiss Plaintiff's

9    Complaint with prejudice.

10   DATED this 15th day of October 2008.

11                                   GREENBERG TRAURIG, LLP

12

13                                   By: /s/ Jennifer M. Dubay
                                         Jennifer M. Dubay
14                                       Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

- 5 -

1

2

3

**CERTIFICATE OF SERVICE**

4   ☒   I hereby certify that on October 15, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and

5   transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

6

7   ☒   I hereby certify that on October 15, 2008, I served the attached document by U.S.

8   mail on the following, who are not registered participants of the CM/ECF System:

9

10   Shawn Burgueno
1141 East Tuckey Lane

11   Phoenix, Arizona 85014

12

13   Delivered as a courtesy hard copy to:

14   The Honorable Roslyn Silver
United States District Court

15   Sandra Day O'Connor U.S. Courthouse, Suite 624

16   401 West Washington Street, SPC 59
Phoenix, AZ 85003-2158

17

18

19
                                               By:____/s/ Lori A. Hinkel_____
20

21

22

23

24

25

26

*PHX 328,442,628v1*