WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Burgueno, | No. cv-08-1642-PHX-ROS |
| Plaintiff, | **OPINION** |
| vs. | |
| GMAC Bank, et al., | |
| Defendants. | |

On May 13, 2009, this Court denied Plaintiff's Motion for a Temporary Restraining Order. The reasons for that decision follow.

BACKGROUND

On August 18, 2005, Plaintiff Shawn Burgueno consolidated and refinanced a mortgage loan on his home with Defendants. Plaintiff alleges that the paperwork he received at that time from Defendant GMAC Bank was deficient in a number of respects – in particular, he alleges that he received one copy of a form instead of the two required (though he acknowledged receipt of two copies of that form at the time he signed it) and that the finance charge was understated by about $100.00.

On July 14, 2008, Plaintiff sent a rescission notice to GMAC Bank and GMAC Mortgage Corporation. After sending that notice, he claimed the loan was rescinded and ceased monthly payments. On September 5, 2008, he brought suit to enforce his right of

rescission. Meanwhile, Defendants scheduled non-judicial foreclosure of his residence to take place on November 19, 2008. That was delayed, and ultimately a foreclosure sale was scheduled for May 14, 2009.

Plaintiff argued that this was a violation of his right to rescind the mortgage contract with Defendants and filed for injunctive relief.

## STANDARD OF REVIEW

The standard for issuing a Temporary Restraining Order ("TRO") is the same as that for issuing a preliminary injunction. Gonzalez v. State, 435 F. Supp. 2d 997, 999 (D. Ariz. 2006). In the Ninth Circuit, there are two sets of criteria for a court to use when evaluating a request for a TRO. First, a plaintiff must show:

> (1) a strong likelihood of success on the merits,
> (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted,
> (3) a balance of hardships favoring the plaintiff, and
> (4) advancement of the public interest (in certain cases).

Earth Island Inst. v. U.S. Forest Serv., 351 F.3d 1291 (9th Cir. 2003) (quoting Johnson v. Cal. State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). Alternately, a plaintiff may "demonstrate[] '*either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor'" Id. These two tests represent a continuum; "[t]hus, the greater the relative hardship to [Plaintiffs] the less probability of success must be shown." Earth Island, 351 F.3d at 1298.

## ANALYSIS

### A. Likelihood of Success on the Merits

*i. Violation of the Truth in Lending Act*

As a general rule, the Truth in Lending Act ("TILA") allows borrowers only three days to rescind after execution of a mortgage. If Plaintiff was subject to such a statute of limitations, his claim would clearly be futile. However, that statute of limitations is extended to three years if the required notice or material disclosures are not delivered. C.F.R. §

1  226.23(a)(3). Plaintiff alleges several violations of TILA, however he makes only two specific
2  claims that this Court may evaluate.

3  First, he alleges that he received only one copy of a "Notice of Right to Cancel" instead of
4  the two required by the statute. However, the Notice of Right to Cancel is signed and acknowledges
5  receipt of two copies of the form. Defendants state that both copies were given to Plaintiff. Plaintiff
6  states that he will "provide under an oath statement [sic]" that he only received the one. The
7  physical evidence presented suggests that Plaintiff was presented with both copies of the
8  form, acknowledged receipt of them, and retained only one copy. A statement contradicting
9  this without any supporting detail or corroborating evidence is not sufficient to demonstrate
10  a strong likelihood of success on the merits.

11  Plaintiff also claims that the Finance Charge varies by more than $100.00 and thus is
12  sufficiently understated to exceed the $35 tolerance pursuant to Reg. Z, 226.23(h)(2)(i). However,
13  he does not lay out in sufficient (or, in fact, any) detail what items were lacking from the finance
14  charge. The Court has no choice, then, but to treat this as a conclusory allegation rather than
15  evidence that could establish a likelihood of success on the merits.

16  Defendants argue that even had Plaintiff established these violations of TILA, he must also
17  make a showing that he could tender the balance of the loan before rescission would be allowed as
18  a remedy. Courts have, indeed, made this a condition of rescission. <u>Yamamoto v. Bank of N.Y.</u>,
19  329 F.3d 1167, 1171 (9th Cir. 2003). It is worth noting, however, that, the law does not necessarily
20  require a showing that Plaintiff is able to do this, or even state that repayment is an absolute
21  requirement. <u>See</u>, <u>e.g.</u>, <u>Palmer v. Wilson</u>, 502 F.2d 860, 863 (9th Cir. 1974) ("[W]hen an obligor
22  seeks to enforce his right of recission, as well as to recover the statutory penalty and attorney fees,
23  it is within the district court's equitable power to grant both forms of relief, but to condition
24  enforcement of the rescission order on the debtor's tender of the principal of the loan received from
25  the creditor.").

26  Here, Plaintiff has made no showing of ability to repay. This is not, as noted above,
27  necessarily fatal to his claim. However, given the lack of seriousness of the violations
28  alleged, that there is no evidence Plaintiff was fraudulently induced to enter into the loan, and

- 3 -

the windfall that would result to Plaintiff were the loan rescinded and tender not required, it is unlikely in the extreme that this Court would allow rescission in the absence of tender. Thus, the fact that Plaintiff has not made a showing that he is willing and able to tender the principal of the loan must bear against his claim.

### ii. *Violation of the Arizona Consumer Fraud Act*

Plaintiff's claim under the Arizona Consumer Fraud Act ("ACFA") seems equally unlikely to succeed. First, while Plaintiff pleads a claim under A.R.S. § 44-1521 *et seq.*, he fails to detail any particular manner in which the statute was violated. The statute prohibits:

> The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

A.R.S. § 44-1522. As discussed above, Plaintiff has not shown a strong likelihood that he will prevail on the question of whether the violations alleged were deceptive or otherwise fraudulent in nature.

Further, Defendant has pointed out that Plaintiff's claim may be time barred. The statute of limitations on ACFA claims is one year. A.R.S. § 12-541(5). The cause of action accrues when "the plaintiff knows or should have known of both the *what* and *who* elements of causation." Lawhon v. L.B.J. Institutional Supply, Inc., 765 P.2d 1003, 1007 (App. 1988). If Plaintiff was only given one copy of a form at the same time he signed an acknowledgment that he was given too, it is difficult to argue that he should not have known about the violation at the time it occurred. Nor has Plaintiff presented any reason why he should not have known about the allegedly understated finance charge at the time it occurred.

Accordingly, Plaintiff has not made a showing that he has a strong likelihood – or indeed, a reasonable likelihood – of prevailing in his suit for an injunction on the merits.

### B. Irreparable Harm, Balance of the Harms, and the Public Interest

Plaintiff has shown irreparable harm in that he faces losing his residence, a harm to which this Court is not insensible. Nor is it persuaded that the harm faced by Defendants in

delaying foreclosure, namely potential financial risk resulting from a delayed foreclosure sale, outweighs it.

However, Plaintiff's showing on the merits is clearly not strong enough to justify granting a Temporary Restraining Order – an extraordinary remedy – in spite of the harm suffered by the Plaintiff. The eleventh hour nature of this Motion also bears against Plaintiff in the balance of the harms. Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985). Plaintiff apparently waited several days after scheduling of the foreclosure sale to bring this motion, severely limiting the time opposing counsel had to prepare and bearing against the urgency of the action.

Plaintiff has not shown a strong likelihood of success on the merits and accordingly, the Motion for a Temporary Restraining Order is denied. It is also worth noting that this is the second, nearly identical Motion for a Temporary Restraining Order brought before this Court by Plaintiff's counsel in recent months. By repeatedly bringing such motions and failing to support them with an adequate factual and legal basis that demonstrates a realistic chance of success, Plaintiff's counsel skates perilously close to sanctionable conduct.

DATED this 28th day of May, 2009.

_____
Roslyn O. Silver
United States District Judge