WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Burgueno, | No. CV-08-1642-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| GMAC Bank, et al., | |
| Defendant. | |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 3). For the reasons stated herein, this motion will be granted.

**BACKGROUND**

On August 18, 2005, Plaintiff Shawn Burgueno consolidated and refinanced his home's mortgage with Defendants. (Compl. at ¶¶ 15). Plaintiff alleges that the paperwork he received at that time from Defendant GMAC Bank ("GMAC") was in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* as implemented in 12 C.F.R. § 223 *et seq.* — both because he received only one copy of the Notice of Right to Cancel (Compl. at ¶¶ 26-27) and because the finance charge was materially understated (Compl. At ¶ 30).

After May 15, 2008, Plaintiff ceased making monthly payments on the mortgage. (*see* Doc. 8-2 at 21-23). On July 14, 2008, Plaintiff sent a rescission notice to GMAC and

GMAC Mortgage Corporation ("GMAC Mortgage") (Doc. 8-2 at 2-13). On August 6, 2008, GMAC Mortgage responded that the rescission was not timely and declined to rescind the transaction. (Doc. 8-2 at 19).

On September 5, 2008, Plaintiff brought suit seeking enforcement of his rescission. (Compl. At ¶ 32). Plaintiff also seeks damages for violation of TILA under 15 U.S.C. § 1640 (Compl. at ¶¶ 55-56) and damages under the Arizona Consumer Fraud Act ("CFA"), ARS §§ 44-1521 *et seq*. (Compl. At ¶¶ 57-77).

Defendants move to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## STANDARD OF REVIEW

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 7129, 732 (9th Cir. 2001). A court reviewing such a motion accepts as true all material allegations in the complaint and construes them in a light most favorable to the plaintiff. Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 820 (9th Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(internal quotations, citations and alterations omitted).

While this motion was pending, the Supreme Court clarified the standard of review set forth in Twombly: "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . 'to state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, slip op. at 14 (May 18, 2009). The complaint must do more than allege "a

---

[1] On May 14, 2009, Plaintiff filed for Chapter 11 bankruptcy, and on June 2, 2009, Plaintiff's attorneys in his voluntary bankruptcy case filed a notice claiming an automatic stay of these proceedings under 10 U.S.C. § 362(a). However, the automatic stay provision of § 362(a) applies only to proceeding brought *against* the debtor. In re White, 186 B.R. 700, 705 (B.A.P. 9th Cir. 1995). Because this proceeding was initiated *by* the debtor, the automatic stay provision does not apply.

sheer possibility that a defendant has acted unlawfully." Id. The reviewing court must apply "judicial experience and common sense" to determine whether the well-pleaded facts permit it to infer "more than the mere possibility of misconduct." Id. If the well-pleaded facts do not permit that inference, the complaint "has not 'show[n]'–'that the pleader is entitled to relief'" as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure and therefore cannot survive a motion to dismiss. Id. at 15.

## ANALYSIS

Defendants have moved to dismiss each of Plaintiff's claims as time-barred.

**I.      Plaintiff Has Not Shown He Is Entitled To Rescission Under TILA.**

Plaintiff alleges that his rescission of the transaction was timely because Defendants committed violations of TILA that extended the rescission period from 3 days to 3 years under 12 C.F.R. § 226.23. (Compl. at ¶ 32). Defendants assert Plaintiff has not alleged facts sufficient to show the alleged violations of TILA and so has not pled a valid claim. (Doc. 13 at 5-6).

Under TILA, a consumer may usually rescind a closed-end credit transaction secured by the consumer's principal residence up until midnight of the third business day following consummation of the transaction. 12 C.F.R. § 226.23(a)(3). However, TILA extends the rescission period to 3 years if the creditor's disclosures do not conform to certain regulations. Id. The rescission period is extended if the creditor does not provide proper notice under 12 C.F.R. § 226.23(b), such as by not delivering two copies of a Notice of Right to Rescind to each consumer entitled to rescind.[2]  12 C.F.R. § 226.23(b)(1). Delivery of two copies is required so that the obligor may retain one and the creditor may retain the other. In re Bell, 309 B.R. 139, 155-56 (Bankr. E.D. Pa. 2004) (citing Stone v. Mehlberg, 728 F. Supp. 1341, 1353 (W.D. Mich.1989).) The rescission period is also extended if the finance charge is not properly disclosed, such as when it is materially understated. 12 C.F.R. § 226.23(a), (g), (h).

---

[2] The requirement for two copies does not apply if the Notice of Right to Rescind is properly delivered by electronic means. 12 C.F.R. § 223.23(b)(1). Electronic delivery is not alleged in this case.

- 3 -

Plaintiff first alleges that he did not receive a proper Notice of Right to Rescind. At closing, Plaintiff signed an acknowledgment that he had received two copies of the notice. (Compl. at ¶ 26). However, Plaintiff asserts there is only one copy of the notice in the documents he retained, and thus his acknowledgment of receiving two copies is "patently" false. (Compl. at ¶¶ 24-27). Plaintiff asserts that because that acknowledgment is false, GMAC cannot adequately demonstrate they delivered two copies of the notice to Plaintiff.

However, the courts have recognized that one copy of the Notice of Right to Rescind is intended to be retained by the creditor. Bell, 309 B.R. at 155-56. Given that and the presumption that Plaintiff's signed acknowledgment of receiving two copies is true, the presence of only one copy of the notice in the records retained by Plaintiff does not by itself provide a plausible reason to believe that two copies were not delivered to the Plaintiff at closing. Accordingly, Plaintiff's alleged facts stop short of establishing the plausibility of his allegation of improper notice of his right to rescind the transaction..

Plaintiff also alleges that the finance charge was not properly disclosed because it was materially understated. Compl. at ¶ 30. However, while it is always conceivable that a finance charge has been understated, Plaintiff alleges no facts that establish the plausibility of the alleged understatement.

Plaintiff alleges only these two factual bases for his right to an extension of the rescission period, and while either is possible, neither is plausible based the alleged facts.[3] A claim that relies on only a "sheer possibility" of unlawful acts is not a sufficiently pled to survive a motion to dismissal. Iqbal, 129 S. Ct. 1937, slip op. at 14. Therefore, Plaintiff has not made the required showing under Rule 8 that he is plausibly entitled to the extension of the rescission period, and as a result, Claim 1 must be dismissed.

**II.    Plaintiff's Claim For TILA Statutory Damages is Time-Barred.**

---

[3] While it is conceivable that discovery might provide facts that establish the plausibility of Plaintiff's claims, "Rule 8 . . . does not unlock the doors of discovery"for plaintiffs who have not pled a valid claim. Iqbal, 129 S. Ct. 1937, slip op. at 14.

- 4 -

1   Defendants assert that Plaintiff's claim for damages under TILA is time-barred.

2   TILA allows consumers to recover statutory damages from creditors who violate the
3   Act. 15 U.S.C. § 1640(a). Under § 1640, actions concerning the type of transaction at issue
4   here must be brought within one year of the date of the occurrence of the violation.[4]  15
5   U.S.C. § 1640(e). Under existing precedent in this Circuit, the latest time at which the
6   violation could have occurred was when a consumer "discovered or should have discovered
7   the acts constituting the violation." Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902
8   (9th Cir. 2003).

9   In Meyer, the Ninth Circuit affirmed in summary judgment that the plaintiffs-
10  consumers' § 1640 claims were time-barred. Id. at 902. There, the consumers were in full
11  possession of all the information needed to discover the alleged TILA violations on the day
12  the loan papers were signed. Id. The record contained no evidence of undisclosed credit
13  terms or of any act by the defendant that would have prevented the consumers from
14  discovering the violations. Id. Since the consumers could have discovered the violations by
15  exercising reasonable diligence on the day the papers were signed, the statute of limitations
16  ran from that day. Id. Since the consumers' claims were filed more than one year from the
17  day the papers were signed, the court held the claims were time-barred. Id.

18  To survive dismissal, Plaintiff must allege facts that establish the plausibility that his
19  claim for TILA damages is not time-barred by the statute under the Meyer precedent. But
20  Plaintiff's alleged facts are materially identical to the facts in Meyer. Plaintiff does not
21  allege that he became aware of any new facts after the date the papers were signed, August
22  18, 2005. At that time, the alleged deficiency in the number of Notices of Right to Rescind
23  delivered would have been known to Plaintiff, and the alleged understatement of the finance
24  charges could have been determined by Plaintiff through due diligence. So on these alleged
25  facts, the one year limitation period of 15 U.S.C. § 1640(e) could only plausibly have begun

---

[4] For certain mortgages as defined in 15 U.S.C. § 1602, some actions may be brought up to three years after the violation. Plaintiff does not allege that the transaction here involves such a mortgage.

on August 18, 2005, and then expired by August 18, 2006. So on the alleged facts, it is not plausible that the limitation period had not run on Plaintiff's § 1640(e) claim when he filed it in 2008..

Since Plaintiff has not plausibly established that his claim for TILA damages is not time-barred, he has not shown that he is entitled to relief and his claim must be dismissed..

**III.    Plaintiff's Arizona Consumer Fraud Act Claim is Time-Barred**.

Defendants assert that Plaintiff's claim under the Arizona Consumer Fraud Act ("CFA") is time-barred.

The CFA, A.R.S. § 44-1521 *et seq.*, creates a private cause of action for statutory damages against those who practice deceit or fraud in connection with the sale or advertising of merchandise. See Haisch v. Allstate Ins. Co., 5 P.3d 940, 944 (App. 2000). Under A.R.S. § 12-541, an action based on liability created by an Arizona statute "must be initiated within one year after the cause of action accrues." Alaface v. Nat'l Inv. Co., 892 P.2d 1375, 1380 (App. 1994). Therefore, an action under the CFA must be filed with in one year of the cause of action accruing. Id. A cause of action for consumer fraud accrues when the consumer discovered or with reasonable diligence could have discovered both the "what" and "who" elements of the fraud. Id.

Plaintiff does not argue that the "who" element of the alleged fraud (the identity of the named Defendants) was known on the day the loan papers were signed–August 18, 2005–so Plaintiff's cause of action accrued when he discovered or with reasonable diligence could have discovered the "what" element. Plaintiff argues he did not actually suspect the "what" of the alleged fraud (that the disclosures violated TILA) until February 2008 or discover it until March 2008. (Pl. Resp. at 9). But Plaintiff's cause of action accrued not just when he suspected or discovered the "what" of the alleged fraud, but also as soon as he could have, with reasonable diligence, discovered it. Plaintiff does not allege any occurrence after August 18, 2005 that made his 2008 discovery of the "what" possible, and provides no reason why he could not have discovered the alleged fraud at the earlier date. So Plaintiff alleges

no plausible reason to believe his cause of action under CFA did not accrue on August 18, 2005.

Since on the face of the complaint there is no plausible time at which the cause of action accrued except August 18, 2005, there is no plausible reason to believe that the one year limitation period during which Plaintiff's CFA action could be initiated did not expire on August 18, 2006. Since Plaintiff initiated his CFA action over two years after that date, on these alleged facts his claim is time-barred and must be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**.

**FURTHER ORDERED** that Plaintiff's claim for enforcement of his right of recision of the transaction (Doc. 1 at 8-10) is **DISMISSED WITHOUT PREJUDICE**.

**FURTHER ORDERED** that Plaintiff's claim to TILA statutory damages (Doc. 1 at 10) is **DISMISSED WITHOUT PREJUDICE**.

**FURTHER ORDERED** that Plaintiff's claim under the Arizona Consumer Fraud Act (Doc. 1 at 10-13) is **DISMISSED WITHOUT PREJUDICE**.

DATED this 23rd day of July, 2009.

_____
Roslyn O. Silver
United States District Judge